WALKER TOWNSHIP, in Centre Co., *v.* WEST BUFFALO TOWNSHIP, in Union Co.

1. An appeal from the decree of sessions, respecting the expenses of keeping a pauper, will not be quashed, on the ground that *certiorari* is the proper form of remedy, upon application made after the term at which the appeal was filed, especially since the Poor Law forbids this court to regard form and enjoins it to determine every question under that law on its truth and merits.

2. The quashing of an order of removal does not prevent the unsuccessful party from beginning *de novo;* but when the expenses of keeping the pauper have been paid, and restitution of the money so paid is decreed, that decree is final as to those expenses.

3. A decree of this court has the same efficacy as a judgment.

APPEAL by Walker township, from the decree of the Quarter Sessions of Centre.

. *May* 31. This case has been before this court on several occasions, and in several shapes, two of which appear in 7 Watts, 171, and in 8 Barr, 177. When the case was before this court, as it is reported in 8 Barr, it was on an appeal, though the report designates it as a *certiorari*, taken by West Buffalo from the decree of the Q. S. of Centre, by which West Buffalo was ordered to pay to Walker the sum of $322.45 for the reasonable costs and charges of the latter, in supporting the pauper Troy. The claim of Walker was for $1,503.42. West Buffalo appealed from the decree so far as it confirmed the order of removal, and Walker appealed from the same decree, so far as the same related to the costs and charges of supporting the pauper. The report in 8 Barr covers the appeal of West Buffalo, and the decree which this court made in that case was "the order of removal affirmed"—but the decree of this court, made then, goes on to order that "the costs and charges, to be paid to the appellees for maintenance, are to be ascertained by this court on depositions, and the record to be retained in the mean time." This latter part of that decree has particular reference to this case (the appeal by Walker township), which was argued at the same time with the appeal by West Buffalo.

The depositions ordered to be taken, were taken, and exhibited the costs and charges incurred by Walker township. The paper-book contains nothing that would in any degree illustrate the facts of the case, as the same are stated by Mr. Justice BURNSIDE.

In this court, at a term subsequent to the return of the appeal, the appellee moved to quash it.

*Linn* and *Curtin*, for the appellee.—1. This court cannot, under the act of 1836, entertain this appeal. Appeal does not lie from Quarter Sessions here. The case can only be removed by *certiorari*: Overseers of the Poor *v.* Smith, 2 S. & R. 363; S. Huntingdon *v.* E. Huntingdon, 7 Watts, 527. This court cannot inquire into the merits of the controversy—it can only correct irregularities.

2. To the merits of the appeal. Walker township can recover no more than her reasonable costs and charges in prosecuting this appeal, since the last order of removal. The court cannot award payment of the amount expended in keeping a pauper before order of removal, save in the cases provided for in § 23, Act of 1836; if it can do so, the latter clause of § 20 is superfluous. After Troy could have been removed, Walker township was under no obligations to support him, and cannot recover what she expended in doing so.

*Burnside*, contrà.—Sections 16, 19, Act of 1836; Overseers of Versailles *v.* Overseers of Mifflin, 10 Watts, 360; 7 Watts, 171; 7 Watts, 527; Lewisburg *v.* Augusta, 2 W. & S. 65; Kelby *v.* Union, 5 W. & S. 535.

The opinion of this court was delivered by

BURNSIDE, J.—The legislature has made it the duty of all the courts to decide all matters of form in pauper cases, and to determine every case that arises under the poor laws, on its *truth* and *merits*: Dun. 633, Act of 1836, section 19. The contest as to the support of this unfortunate pauper has been long litigated. It is time it was ended. For a proper understanding of the decision of the question now before the court, it is necessary to state the proceedings heretofore had in the case. Troy, the pauper, having been frozen in January 1836, in Walker township, in the county of Centre, became immediately a charge upon the township. The overseers employed the best surgical skill they could procure, and both legs were amputated to save his life. He had no residence in Walker township, being a stranger there. He had recently

come, according to his own account, from the county of Union. In January 1837, he was removed, by order of two justices, to West Buffalo, Union county, where he had been bound as an apprentice, and served, as such, with Robert Chambers, deceased. Mr. Chambers's representatives denied all knowledge of the indenture, and it could not be found. Under these circumstances, the court in Centre, on the appeal of West Buffalo, received secondary evidence of the indenture, and affirmed the order of the justices. West Buffalo then brought it before the Supreme Court, where it was held that when the order of removal is affirmed by the sessions upon secondary evidence, when primary evidence, for aught that appeared, might have been produced, the court will quash it. See decision, 7 Watts, 171.

The order was quashed, but a wrong entry was made, which West Buffalo discovered when the volume came out with the report of the case; and on the 2d May, 1839, on motion of the counsel of West Buffalo, the Supreme Court directed the entry of the decree of affirmance to be stricken out, and a decree to be entered quashing the proceeding. The court further decreed restitution of the costs and expenses, amounting to $366.91, to. be made to the overseers of West Buffalo by the township of Walker. In obedience to this decree, this sum was paid, and forms the first and largest item in the bill before us.

Walker after this had the good fortune to discover the indenture of Troy with Chambers. On the 9th of May, 1845, a second application was made to two justices in Centre county, and an order again obtained for the removal of Troy. to West Buffalo. From this order an appeal to the sessions was again taken, and the order again affirmed. West Buffalo again, in 1846, brought the case before this court, and it was argued in 1847, when a re-argument was ordered. In 1848, after a re-argument, the order of the sessions was affirmed. The opinion was delivered by the Chief Justice, and is reported in 8 Barr, 177.

Walker took an appeal from the decree of the sessions, respecting the costs and charges allowed them for keeping the pauper. That appeal came on for hearing also in 1848, when this court directed (see 8 Barr, 181) that the "order of the sessions, and the order of removal be affirmed; the costs and charges, to be paid to the appellees for the maintenance, to be ascertained by this court on depositions; the record to be retained in the mean time." Depositions have been taken, and the actual expenses of Walker have been ascertained. The liability of West Buffalo for the respective

items is alone contested. The amount is not disputed. It is contended that an appeal does not lie for the costs and charges, and a motion is now made to quash it.

But as the act of the legislature before recited, forbids this court to regard form, and to determine every question on its *truth* and *merits ;* and as a *certiorari* could be awarded returnable forthwith; and as the application to quash ought to have been made at the term at which the appeal had been filed, it is now too late. It would only put the parties to further expenses and delay. The motion to quash the appeal is therefore refused.

When the proceedings were quashed, this court decreed restitution from Walker to West Buffalo, of the bill they had paid, to wit, $366.91. This, with its interest, amounting to $582.15, forms the first item in the demand of Walker.

It is well settled, that a judgment previously rendered for the same cause of action sustains the plea of a former recovery: Duffy *v.* Lytle, 5 W. 120. A decree of this court has the same efficacy. Where money is decreed to be paid, by the Supreme Court, it is not to be supposed, on a subsequent trial, either in this court or any other, that it can be decreed to be paid back.

Although the quashing of the first application for removal operated in some respects like the reversal of a judgment, it did not prevent Walker township from commencing *de novo.* There was an end of that proceeding ; so far as the claim of restitution went, it was final.

As to the other items in the bill—the demand of Walker for the support and maintenance of Troy—they are open to the investigation and adjudication of this court. Their correctness in amount has not been disputed. The argument of counsel goes against the legality of the claim. We think the claim just, and in accordance with the act of 1836, and the unbroken practice and decision of this court. We order, direct, and decree that the township of West Buffalo, in the county of Union, pay to the overseers of the poor of the township of Walker, in the county of Centre, the sum of one thousand one hundred and sixty-four dollars and eighty-four cents, in full of the expenses and charges for keeping and maintaining Benjamin Troy, a pauper, as per bill, &c.

Decree accordingly.